FILED

2007 OCT 22 PH 4:57

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAUL DOMINGUEZ, NASER ALZER, JOSE SILVA, MARTIN LUJAN, GUILLERMO SANCHEZ, ANTHONY DVIZAC and AMERICAN GI FORUM OF TEXAS<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF TEXAS, the TEXAS HIGHER EDUCATION COORDINATING BOARD, RAYMUND A. PAREDES in his official capacity as Commissioner of Higher Education, the UNIVERSITY OF TEXAS AT SAN ANTONIO, RICARDO ROMO in his official capacity as President of the University of Texas at San Antonio, WEST TEXAS A&M UNIVERSITY, J. PATRICK O'BRIEN in his official capacity as President of West Texas A& M University, BILL JONES in his official capacity as Chairman of the Texas A&M System Board of Regents, the UNIVERSITY OF TEXAS AT AUSTIN, WILLIAM POWERS in his official capacity as President of the University of Texas at Austin, JAMES R. HUFFINES, in his official capacity as the Chairman of the University of Texas System Board of Regents, NORTH HARRIS COLLEGE, STEPHEN HEAD in his official capacity as Interim President of North Harris College, the UNIVERSITY OF HOUSTON, JOHN M. RUDLEY in his official capacity as President of the University of Houston, and WELCOME W. WILSON, SR., in his official capacity as Chairman of the University of Houston Board of Regents<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. SA-07-CA-0549-FB |

1

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs, honorably-discharged military veterans and an association of veterans, bring this suit to challenge their exclusion from eligibility for a Texas program providing tuition exemption for military veterans attending public universities. The Texas Hazlewood Act, TEX. EDUC. CODE ANN. § 54.203 ("Hazlewood Exemption"), provides that honorably-discharged veterans of the U.S. armed forces are eligible for an exemption from the requirement to pay certain dues, fees, and charges at public universities and colleges in the State of Texas. However, the Hazlewood Exemption excludes otherwise eligible veterans because they were legal permanent resident immigrants of the U.S. at the time they entered the U.S. armed forces.

### JURISDICTION

2. The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(3). Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201(a) and 2202. Jurisdiction for Plaintiffs' claim under the Fourteenth Amendment to the U.S. Constitution is based upon 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Jurisdiction for Plaintiffs' claim for attorney's fees is based on 42 U.S.C. § 1988. Supplemental jurisdiction for Plaintiffs' claims under the Texas Constitution and Texas statute is based on 28 U.S.C. § 1367.

### VENUE

3. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) because all defendants reside in this State and at least one defendant resides in this district.

2

## PARTIES

4. Plaintiff RAUL DOMINGUEZ is a resident of Potter County, Texas, and is a United States citizen. Plaintiff DOMINGUEZ was a legal permanent resident immigrant of the United States when he entered the military and was honorably discharged from the U.S. Army after having served during the Persian Gulf War. Plaintiff DOMINGUEZ meets all of the qualifications for the Hazlewood Exemption. Plaintiff DOMINGUEZ seeks to further his education by participating in a graduate degree program at a Texas public university. Because Defendants have excluded Plaintiff DOMINGUEZ from eligibility for the Hazlewood Exemption, Plaintiff DOMINGUEZ is unable to further his education.

5. Plaintiff NASER ALZER is a resident of Travis County, Texas, and a United States citizen. Plaintiff ALZER was a legal permanent resident immigrant of the United States when he entered the military and was honorably discharged from the U.S. Army after having served during the Persian Gulf War. Plaintiff ALZER meets all of the qualifications for the Hazlewood Exemption. Plaintiff ALZER seeks to further his education by participating in a graduate degree program at a Texas public university. Because Defendants have excluded Plaintiff ALZER from eligibility for the Hazlewood Exemption, Plaintiff ALZER is unable to further his education.

6. Plaintiff JOSE SILVA is a resident of Bexar County, Texas, and a United States citizen. Plaintiff SILVA was a legal permanent resident immigrant of the United States when he entered the military and was honorably discharged from the U.S. Army after having served during the Persian Gulf War. Plaintiff SILVA meets all of the qualifications for the Hazlewood Exemption. Plaintiff SILVA seeks to further his education by participating in a bachelor degree program at a Texas public university. Because Defendants have excluded Plaintiff SILVA from eligibility for the Hazlewood Exemption, Plaintiff SILVA has been harmed by having to pay tuition and fees that would otherwise be waived under the Hazlewood Exemption.

7. Plaintiff MARTIN LUJAN is a resident of Travis County, Texas, and a United States citizen. Plaintiff LUJAN was a legal permanent resident immigrant of the United States when he entered the military and was honorably discharged from the U.S. Navy after having served during the Persian Gulf War. Plaintiff LUJAN meets all of the qualifications for the Hazlewood Exemption. Plaintiff LUJAN is currently enrolled in a bachelor degree program at a Texas public university. Because Defendants have excluded Plaintiff LUJAN from eligibility for the Hazlewood Exemption, Plaintiff LUJAN is harmed by having to pay tuition and fees that would otherwise be waived under the Hazlewood Exemption.

8. Plaintiff GUILLERMO SANCHEZ is a resident of Harris County, Texas, and a United States citizen. Plaintiff SANCHEZ was a legal permanent resident immigrant of the United States when he entered the military and was honorably discharged from the U.S. Marines after having served during the Persian Gulf War. Plaintiff SANCHEZ will meet all of the qualifications for the Hazlewood Exemption in October 2007 when his federal benefits expire. Plaintiff SANCHEZ is currently enrolled in an undergraduate degree program at a Texas public college. Because Defendants have excluded Plaintiff SANCHEZ from eligibility for the Hazlewood Exemption, Plaintiff SANCHEZ will be harmed by having to pay tuition and fees that would otherwise be waived under the Hazlewood Exemption.

9. Plaintiff ANTHONY DVIZAC is a resident of Harris County, Texas, and a United States citizen. Plaintiff DVIZAC was a legal permanent resident immigrant of the United States when he entered the military and was honorably discharged from the U.S. Army after having served during the Persian Gulf War. Plaintiff DVIZAC meets all of the qualifications for the Hazlewood Exemption. Plaintiff DVIZAC is currently enrolled in a bachelor degree program at a Texas public university. Because Defendants have excluded Plaintiff DVIZAC from eligibility for the Hazlewood Exemption, Plaintiff DVIZAC is harmed by having to pay tuition and fees that would otherwise be waived under the Hazlewood Exemption.

10. Plaintiff AMERICAN GI FORUM OF TEXAS ("GI FORUM") is a community based, non-profit membership organization established in 1948. Its principal office is located in San Antonio, Bexar County, Texas.

11. Plaintiff GI FORUM serves the needs and advocates on behalf of Latino military veterans throughout the State of Texas, including providing assistance to veterans who seek financial aid to attain a secondary and post-secondary education. Plaintiff GI FORUM was founded in 1948 by Latino veterans of World War II and among its early activities established schools to teach Latino veterans how to access the benefits under the federal G.I. Bill. Improving access to education for Latinos, particularly Latino veterans, remains a focus of Plaintiff GI FORUM today. Plaintiff GI FORUM's motto is: "Education is Our Freedom and Freedom should be Everybody's Business."

12. Defendants' exclusion from the Hazlewood Exemption of veterans who were legal permanent residents at the time they entered the service impedes GI FORUM's work and makes the achievement of its goals substantially more difficult. GI FORUM has limited resources with which to carry out its programs. Defendants' exclusion from the Hazlewood Exemption of veterans who were legal permanent residents at the time they entered the service drains the limited resources of GI FORUM and forces GI FORUM to divert these resources away from other important programs in order to counsel excluded veterans about how they can achieve their education in the absence of the Hazlewood Exemption.

13. Furthermore, because Defendants' exclusion from the Hazlewood Exemption of veterans who were legal permanent residents at the time they entered the service disproportionately affects Latino veterans in Texas, this exclusion frustrates the ability of Plaintiff GI FORUM to achieve its organizational mission of increasing educational opportunity for Latino veterans. Finally, the unavailability of the Hazlewood Exemption for veterans who are/were legal permanent residents directly affects naturalized and legal permanent resident members of the GI FORUM.

6

14. Defendant STATE OF TEXAS is a state of the United States of America. Defendant STATE OF TEXAS is subject to the United States Constitution, the requirements of federal law, and the Texas State Constitution.

15. Defendant TEXAS HIGHER EDUCATION COORDINATING BOARD is a governmental entity of the State of Texas. Defendant TEXAS HIGHER EDUCATION COORDINATING BOARD had adopted rules to provide for the uniform application of the Hazlewood Exemption. Defendant TEXAS HIGHER EDUCATION COORDINATING BOARD is subject to the United States Constitution, the requirements of federal law, and the Texas State Constitution.

16. Defendant RAYMOND A. PAREDES is sued in his official capacity and is the Commissioner of Defendant TEXAS HIGHER EDUCATION COORDINATING BOARD. His duties include enforcing rules established by the TEXAS HIGHER EDUCATION COORDINATING BOARD and the Texas Legislature, including rules governing the administration of the Hazlewood Exemption. Defendant Paredes is subject to the United States Constitution, the requirements of federal law, and the Texas State Constitution.

17. Defendant UNIVERSITY OF TEXAS AT SAN ANTONIO ("UTSA") is a public university of Texas and the second-largest component in The University of Texas System. Its campuses are located in San Antonio, Bexar County, Texas. Through its Office of Student Financial Aid and Enrollment Services, Defendant UTSA administers the Hazlewood Exemption with respect to the applicants at its campuses.

7

18. Defendant RICARDO ROMO is sued in his official capacity and is the President of Defendant UTSA. Defendant ROMO has general authority and responsibility for the administration of Defendant UTSA. His duties include the development and administration of plans and policies for the program, organization, and operation of the institution, including the administration and implementation of the Hazlewood Exemption.

19. Defendant WEST TEXAS A&M UNIVERSITY ("WTAMU") is a public university of Texas and a component in the Texas A&M System. Its campus is located in Canyon, Randall County, Texas. Through its Office of Financial Aid and/or its Office of the Registrar, Defendant WTAMU administers the Hazlewood Exemption with respect to the applicants at its campus.

20. Defendant J. PATRICK O'BRIEN is sued in his official capacity and is the President of Defendant WTAMU. Defendant O'BRIEN has general authority and responsibility for the administration of Defendant WTAMU. His duties include the development and administration of plans and policies for the program, organization, and operation of the institution, including the administration and implementation of the Hazlewood Exemption.

21. Defendant BILL JONES is sued in his official capacity as Chairman of the Board of Regents of the Texas A&M System. The duties of Defendant JONES and the Board include overseeing the administration and setting policy direction for the System's universities. The Board is also charged with the duty to exempt eligible veterans under the Hazlewood Act.

22. Defendant UNIVERSITY OF TEXAS AT AUSTIN ("UT AUSTIN") is a public university of Texas and the largest component in The University of Texas System. Its campus is located in Austin, Travis County, Texas. Through its Office of the Registrar and/or its Veterans Services Office, Defendant UT AUSTIN administers the Hazlewood Exemption with respect to the applicants at its campuses.

23. Defendant WILLIAM POWERS is sued in his official capacity and is the President of Defendant UT AUSTIN. Defendant POWERS has general authority and responsibility for the administration of Defendant UT AUSTIN. His duties include the development and administration of plans and policies for the program, organization, and operation of the institution, including the administration and implementation of the Hazlewood Exemption.

24. Defendant JAMES R. HUFFINES is sued in his official capacity and is the Chairman of the Board of Regents of the University of Texas System. The duties of Defendant HUFFINES and the Board include overseeing the administration and setting policy direction for the System's universities. The Board is also charged with the duty to exempt eligible veterans under the Hazlewood Act.

25. Defendant NORTH HARRIS COLLEGE ("NHC") is a public college of Texas and a component of the North Harris Montgomery Community College District. Its main campus is located in Houston, Harris County, Texas. Through its Financial Aid Office, Defendant NHC administers the Hazlewood Exemption with respect to the applicants at its campuses.

26. Defendant STEPHEN HEAD is sued in his official capacity and is the President of Defendant NHC. Defendant HEAD has general authority and responsibility for the administration of Defendant NHC. His duties include the development and administration of plans and policies for the program, organization, and operation of the institution, including the administration and implementation of the Hazlewood Exemption.

27. Defendant UNIVERSITY OF HOUSTON ("UH") is a public university of Texas. Its main campus is located in Houston, Harris County, Texas. Through its Office of Student Financial Services, Defendant UH administers the Hazlewood Exemption with respect to the applicants at its campuses.

28. Defendant JOHN M. RUDLEY is sued in his official capacity and is the Interim President of Defendant UH. Defendant RUDLEY has general authority and responsibility for the administration of Defendant UH. His duties include the development and administration of plans and policies for the program, organization, and operation of the institution, including the administration and implementation of the Hazlewood Exemption.

29. Defendant WELCOME W. WILSON, SR. is sued in his official capacity as the Chairman of the Board of Regents of the University of Houston System. The duties of Defendant WILSON and the Board and the Board include overseeing the administration and setting policy direction for the System's universities. The Board is also charged with the duty to exempt eligible veterans under the Hazlewood Act.

FACTS

30. Section 54.203(a) of the Texas Education Code requires the governing board of an institution of higher education to exempt:

10

the following persons from the payment of all dues, fees, and charges, including fees for correspondence courses but excluding property deposit fees, student service fees, and any fees or charges for lodging, board, or clothing, provided the persons seeking the exemptions were citizens of Texas at the time they entered the services indicated and have resided in Texas for at least the period 12 months before the date of registration: . . .(4) all persons who were honorably discharged the armed forces of the United States after serving on active military duty . . . for more than 180 days and who served a portion of their active duty during:

(A) the Cold War . . .;
(B) the Vietnam era . . .;
(C) the Grenada and Lebanon era . . .;
(D) the Panama era . . .;
(E) the Persian Gulf War . . .;
(F) the national emergency by reason of certain terrorist attacks that began on September 11, 2001; or
(G) any future national emergency declared in accordance with federal law.

TEX. EDUC. CODE ANN. § 54.203.

31. Prior to the spring or summer of 2006, Texas public colleges and universities granted the Hazlewood Exemption to qualifying Texas veterans regardless of their citizenship status at the time they entered the military.

32. On August 18, 2005 the Texas Attorney General issued Opinion No. GA-0347, re: Correct interpretation of the Texas citizenship requirement in Education Code section 54.203 (RQ-0309-GA). The Opinion concludes that:

> The phrase "citizen of Texas" in section 54.203(a) of the Education Code refers to a person who is a United States citizen and who resides in Texas.

*Id.*

33. Beginning as early as the spring of 2006 and continuing to the present day, Defendants have excluded from eligibility for the Hazlewood Exemption those veterans who were legal permanent resident immigrants at the time they entered military service.

34. Beginning in the spring or summer of 2006, the Hazlewood Exemption application distributed and used by Defendants has included a question regarding the citizenship of the applicant when the applicant entered the military.

35. The current Hazlewood Exemption application packet for veterans who have never used the Exemption states: "7. Were you a citizen of the United States at the time you entered the service? [ ] yes [ ] no. If you answered 'no', you are not eligible for the Hazlewood Exemption. There is no need to submit an application."

36. In January 2007, Plaintiff DOMINGUEZ sought to apply for the Hazlewood Exemption at Defendant WEST TEXAS A&M UNIVERSITY. Plaintiff DOMINGUEZ was informed by Defendant WEST TEXAS A&M UNIVERSITY that he did not qualify for the Hazlewood Exemption because he was a legal permanent resident when he entered the military.

37. Defendant TEXAS HIGHER EDUCATION COORDINATING BOARD also informed Plaintiff DOMINGUEZ that he was excluded from eligibility for the Hazlewood Exemption because he was a legal permanent resident immigrant at the time he enlisted.

38. Plaintiff DOMINGUEZ requires the Hazlewood Exemption in order to pursue his planned graduate degree. After learning of his exclusion from the Hazlewood Exemption by Defendants, Plaintiff DOMINGUEZ was deterred from applying for the Hazlewood Exemption and deterred from applying for admission to the Master's Degree program at Defendant WEST TEXAS A&M UNIVERSITY.

39. On or about the summer of 2006, Plaintiff ALZER sought to apply for the Hazlewood Exemption at Defendant UTSA. However, Plaintiff ALZER was informed by Defendant UTSA that he did not qualify for the Hazlewood Exemption because he was a legal permanent resident when he entered the military.

40. Defendant TEXAS HIGHER EDUCATION COORDINATING BOARD also informed Plaintiff ALZER that he was excluded from eligibility for the Hazlewood Exemption because he was a legal permanent resident immigrant at the time he enlisted.

41. Plaintiff ALZER requires the Hazlewood Exemption in order to pursue his planned graduate degree. After learning of his exclusion from the Hazlewood Exemption by Defendants, Plaintiff ALZER was deterred from applying for the Hazlewood Exemption and deterred from applying for admission to the doctorate program at Texas public universities, including Defendant UTSA.

42. In 2006 and in 2007, Plaintiff SILVA sought to apply for the Hazlewood Exemption at San Antonio College. Plaintiff SILVA was informed by San Antonio College that he did not qualify for the Hazlewood Exemption because he was a legal permanent resident when he entered the military. Plaintiff SILVA, thereafter, was forced to take out loans to pay for his tuition and fees to attend San Antonio College.

43. In 2007, Plaintiff SILVA sought to apply for the Hazlewood Exemption at Defendant UTSA. Plaintiff SILVA was informed by Defendant UTSA that he did not qualify for the Hazlewood Exemption because he was a legal permanent resident when he entered the military. Plaintiff SILVA must now seek loans to pay for his tuition and fees to attend Defendant UTSA.

13

44. In 2007, Plaintiff LUJAN sought to apply for the Hazlewood Exemption at Defendant UT AUSTIN. Plaintiff LUJAN was informed by Defendant UT AUSTIN that he did not qualify for the Hazlewood Exemption because he was a legal permanent resident when he entered the military. Plaintiff LUJAN was forced to take out loans to pay for his tuition and fees to attend UT AUSTIN.

45. After learning of his exclusion from the Hazlewood Exemption by Defendants, Plaintiff LUJAN was deterred from applying for admission to law school at Texas public universities, including Defendant UT AUSTIN.

46. In 2007, Plaintiff SANCHEZ sought to apply for the Hazlewood Exemption at Defendant UNIVERSITY OF HOUSTON and Defendant NORTH HARRIS COLLEGE. Plaintiff SANCHEZ was informed by Defendants UH and NHC that he does not qualify for the Hazlewood Exemption because he was a legal permanent resident when he entered the military. As a result, Plaintiff SANCHEZ was unable to enroll at the UNIVERSITY OF HOUSTON and was forced to take out loans to pay for his tuition and fees to attend NORTH HARRIS COLLEGE.

47. In 2006 and 2007, Plaintiff DVIZAC sought to apply for the Hazlewood Exemption at Defendant UNIVERSITY OF HOUSTON. Plaintiff DVIZAC was informed by Defendant UH that he did not qualify for the Hazlewood Exemption because he was a legal permanent resident when he entered the military. As a result, Plaintiff DVIZAC was forced to take out loans to pay for his tuition and fees to attend the UNIVERSITY OF HOUSTON.

48. Defendants' actions have depleted GI FORUM's time and resources, and thwarted the organization's ability to achieve its goals.

49. Each Defendant institution and entity receives federal funds.

50. Plaintiffs have suffered and continue to suffer harm as a result of Defendants' actions.

CAUSES OF ACTION

COUNT I
Denial of Equal Protection Guaranteed by the
Fourteenth Amendment to the U.S. Constitution

51. Plaintiffs hereby incorporate paragraphs 1 through 50 as if set forth fully herein.

52. Defendants' exclusion, from the Hazlewood Exemption, of individuals because of their status

as legal permanent residents when they entered the military violates the rights of Plaintiffs

under the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution by discriminating against legal permanent resident immigrants as well as foreign

born U.S. citizens.

COUNT II
Denial of Substantive Due Process Guaranteed by the
Fourteenth Amendment to the U.S. Constitution

53. Plaintiffs hereby incorporate paragraphs 1 through 52 as if set forth fully herein.

54. Defendants' exclusion, from the Hazlewood Exemption, of individuals because of their status

as legal permanent residents when they entered the military violates the rights of Plaintiffs

under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

COUNT III
Violation of the Supremacy Clause,
Article VI Clause 2 of the United States Constitution

55. Plaintiffs hereby incorporate paragraphs 1 through 54 as if set forth fully herein.

15

56. Defendants' exclusion, from the Hazlewood Exemption, of individuals because of their status as legal permanent residents when they entered the military violates the Supremacy Clause, Article VI Clause 2 of the United States Constitution.

## COUNT IV
### Violation of Title VI of the Civil Rights Act of 1964

57. Plaintiffs hereby incorporate paragraphs 1 through 56 as if set forth fully herein.

58. Defendants' exclusion, from the Hazlewood Exemption, of individuals violates Title VI of the Civil Rights Act of 1964, because it denies Plaintiffs the benefits of, and subjects them to discrimination under, the educational programs of Defendants on the basis of their national origin.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1.) Declare that Defendants' exclusion, from the Hazlewood Exemption, of individuals because of their status as legal permanent residents when they entered the military violates the rights of Plaintiffs;

2.) Permanently enjoin Defendants from excluding individuals from the Hazlewood Exemption because of their status as legal permanent residents when they entered the military;

3.) Award Plaintiffs actual and compensatory damages against all Defendant institutions and entities in an amount to be determined at trial;

4.) Adjudge all costs against Defendants, including reasonable attorneys' fees;

5.) Retain jurisdiction to render any and all further orders that this Court may from time to time deem appropriate; and

6.)     Grant any and all further relief to which Plaintiffs may show themselves to be entitled.


DATED:  October 18, 2007

Respectfully Submitted,

David Hinojosa
State Bar No. 24010689
Nina Perales
State Bar No. 24005046
Marisa Bono
State Bar No. 24052874
MEXICAN AMERICAN LEGAL DEFENSE
 AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210)224-5476
Fax: (210)224-5382